```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                              AT DANVILLE, VA
                                                                  FILED
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF VIRGINIA              JUN 12 2006
                     ROANOKE DIVISION
                                                          JOHN F. CORCORAN, CLERK
                                                          BY: HMcDonald
                                                               DEPUTY CLERK
```

| BERNARD BARNETT, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 7:06CV00336 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

The petitioner, Bernard Barnett, a federal inmate proceeding pro se, has filed a motion that the petitioner styles as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Having reviewed the motion, the court concludes that the petitioner is not entitled to relief under Rule 60(b). To the extent that the motion could be construed as a new petition for writ of habeas corpus under 28 U.S.C. § 2241, the petition must be dismissed.

Barnett is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1992, he was convicted in the United States District Court for the Southern District of New York for conspiring to distribute heroin and cocaine base, possessing a firearm during the commission of a drug trafficking offense, and possessing a firearm after having been convicted of a felony. At sentencing, the court determined that Barnett was a career offender and sentenced him to life imprisonment. Barnett appealed his convictions to the United States Court of Appeals for the Second Circuit. In October of 1993, Barnett's convictions were affirmed. Barnett subsequently filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion was denied by the district court on December 12, 1994. Barnett's exhibits indicate that he has unsuccessfully attempted to obtain authorization from the Second Circuit to file a successive § 2255 motion on multiple occasions. Barnett has also previously filed three habeas petitions in this court under 28 U.S.C. § 2241. All three petitions were dismissed for failure to satisfy the standard set

forth in In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). See Barnett v. Bledsoe, 7:04CV00616; Barnett v. Bledsoe, 7:05CV00356; Barnett v. Bledsoe, 7:06CV00255.

In his present motion under Rule 60(b), the petitioner indicates that he is seeking relief from prior judgments denying relief under § 2241 by this court and others. To support the motion, the petitioner raises the same arguments that were raised in the § 2241 petitions that were previously dismissed by this court. The petitioner argues that he was improperly sentenced above the "offense statutory maximum of 30 years," and that this a "jurisdictional" problem that is properly raised under § 2241. Because the petitioner's motion is "nothing more than a request that the ... court change its mind" with respect to its earlier decisions, "it is not authorized by Rule 60(b)." United States v. Williams, 674 F.2d 310, 313 (1982). "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." Id. Accordingly, the petitioner is not entitled to relief under Rule 60(b).

To the extent the petitioner's motion could be construed as a new § 2241 petition, the petition must be dismissed. As the court explained in its previous opinions, an inmate may not challenge the validity of his convictions or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

In this case, Barnett has not pointed to any change in the substantive law associated with his convictions, and a review of current federal law shows that the acts for which Barnett is currently incarcerated continue to constitute criminal offenses. See 21 U.S.C. § 841; 18 U.S.C. § 924(c); 18 U.S.C. § 922(g). Accordingly, Barnett is not entitled to relief under § 2241.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 12th day of June, 2006.

Senior United States District Judge